956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell FECHO, Plaintiff-Appellant,
v.
TOWNSHIP OF GROSSE ILE, Defendant-Appellee.
 No. 91-1518.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Darrell Fecho, was discharged from his position as township administrator for defendant, Grosse Ile Township. Claiming that he had an implied contract guaranteeing that he would only be discharged for just cause, Fecho filed suit in state court. Because he also claimed he was denied procedural due process in violation of the Fourteenth Amendment, the defendant removed the case to federal court.
 
 
 2
 Upon the completion of discovery, the defendant moved for summary judgment. The district judge concluded that Fecho was an at-will employee and, accordingly, could be discharged for any reason or no reason at all. Also, as an at-will employee he was not entitled to a pre-termination hearing, so no due process rights were implicated.
 
 
 3
 Plaintiff appeals from the summary judgment granted to defendant. Upon review, we affirm.
 
 I.
 
 4
 The relevant historical facts are not disputed. On August 15, 1983, Fecho was hired by the defendant to be the township administrator. On January 23, 1989, he was terminated by the Township trustees ostensibly for budgetary reasons, and the position of township administrator was eliminated.
 
 
 5
 According to Fecho's deposition testimony, the duties of the township administrator included "Budget Director, Personnel Administrator, Building Department Head, staff for the Planning Commission ... Legislative contact ... Executive Director [of the township golf course] ... Building Manager for the Township Hall ... [and] Public Safety Officer." (App. 229-30).
 
 
 6
 Under Michigan law, townships are the lowest rung of the municipal corporation hierarchy and, unless a charter township, look almost exclusively to state statutes for their operating authority. A township the size of the defendant is governed by a township board comprised of an elected supervisor, clerk, treasurer, and four elected trustees. Mich.Comp.Laws Ann. § 41.70 (West 1991). The duties of the supervisor, clerk, and treasurer are delineated by statute. The controlling statutes do not indicate whether the supervisor, clerk, and treasurer are full- or part-time positions. The board, as much as anything by its power to set the salary of an elected official, determines whether these elected officers are full or part-time. At all times relevant to this litigation, all of the defendant's officers were part-time.
 
 
 7
 Fecho's discharge occurred shortly after a township election in which some new officials were elected including Bruce Sells, the supervisor. Although the supervisor has only his vote as one member of the seven-member board, he is the presiding officer of the board, has specific statutory duties not shared by other members of the board, and receives a larger salary than the elected trustees. In practice, he is generally the chief elected administrative officer.
 
 
 8
 After election, Sells contacted the other members of the board and sought their support for terminating Fecho and eliminating the position of township administrator. Although the precise reasons for this plan of action are not clear, it appears that, in the short range, budgetary considerations were involved and, in the long range, a more active management role was contemplated for the elected officials, particularly the supervisor.
 
 
 9
 After securing general agreement from at least a majority of the board, Sells confronted Fecho and asked for his resignation, making it clear that termination was the alternative. Fecho asked for a closed executive session of the board and this request was immediately granted. The board met with Fecho at a meeting primarily characterized by no one saying very much, including Fecho. When Fecho held fast to his decision not to resign, the board voted in his presence, and the six members present voted unanimously to terminate. This action was ratified at a subsequent public board meeting.[1] This litigation followed a few months later.
 
 II.
 
 10
 Although the defendant offered a number of theories of defense, its principal reliance was placed upon the contention that Fecho was an at-will employee who served at the pleasure of the township board. The at-will employee argument was bottomed on a provision of the Michigan statute which outlines the powers of township boards. Michigan Compiled Laws Annotated section 41.75a provided:[2]
 
 
 11
 The township board may employ a township manager. The manager shall serve at the pleasure of the township board and shall not perform any duties otherwise prohibited by state law.
 
 
 12
 1972 Mich.Pub.Acts 150.
 
 
 13
 The district court found this section to be controlling and it served as the basis for the grant of summary judgment. We agree.
 
 
 14
 Fecho's course of action is basically a Toussaint claim.[3] He had no written contract, but claims that certain oral representations made during his initial employment interview coupled with language in personnel or employee manuals created an implied "just cause" contract. In the typical private-sector Toussaint case, this line of argument, if substantiated, is at least sufficient to defeat a summary judgment motion. Here, however, there is another wrinkle.
 
 
 15
 The defendant claims that the township board, as an elected body, simply had no authority to grant indefinite "just cause" tenure to an employee, who, by statute, serves "at the pleasure of the board." Mich.Comp.Laws Ann. § 41.75(a). We agree. Although Fecho goes to great lengths to avoid referring to himself as the township manager, his own deposition description of his duties leaves little doubt that, as the only full-time employee with overall general administrative responsibilities, he was the "manager" or a reasonable facsimile thereof. He held the key administrative position, and each new board must be free to designate for themselves who will fill this role.
 
 
 16
 In this context we note in passing that it is less than clear whether a public employee in Michigan even has a Toussaint cause of action. The Michigan Supreme Court has never ruled on this issue and the intermediate court of appeals has issued conflicting opinions. The federal district courts in Michigan also have looked at this question with something less than unanimity. See Willoughby v. Village of Dexter, 709 F.Supp. 781 (E.D.Mich.1989) (Cohn, J., finding Toussaint inapplicable to public employment), and Merrell v. Bay County Metro, Transp. Auth., 707 F.Supp. 289 (E.D.Mich.1989) (Churchill, J., allowing a public employee to rely on the Toussaint doctrine). A third Michigan federal district court case relied on by the plaintiff is Bennett v. Marshall Public Library, 746 F.Supp. 671 (W.D.Mich.1990). In our view, Bennett does not support plaintiff's contentions. Judge Hillman, after discussing Willoughby and Merrell, concluded in Bennett:
 
 
 17
 In summary, I hold that the Michigan Supreme Court intended that the implied contract theory embodied in its decision in Toussaint be available in the public as well as the private employment context. However, I am also persuaded that, if confronted with the question, Michigan courts would not apply Toussaint in such a manner that terms which would be void if contained in an express contract, are enforceable under the implied contract theory. Consequently, only where the obligations of the implied contract do not exceed the state actor's statutory authority, can a public employee sustain an action under Toussaint.
 
 
 18
 746 F.Supp. at 677. We stop short of adopting the Bennett position as the rule in this circuit, but we do find, under the circumstances presented here, that the township board simply was not free to extend an indefinite contract to the top township administrator.
 
 
 19
 Although our decision on the issue of the authority of the board to grant indefinite contracts disposes of this case, we note briefly that we find plaintiff's arguments in support of his having an implied just cause contract to be extremely weak. Plaintiff relies on two things. First, at his initial informal screening interview, at which half or less of the board members were present, Fecho asked how "political" was the position for which he was applying. He was told, in effect, that if he stayed out of election politics he had nothing to worry about. This is hardly a promise of indefinite tenure.
 
 
 20
 Plaintiff also relies upon employee or personnel manuals. However, just what he relies upon is quite vague. A substantial part of the deposition inquiries is devoted to trying to ascertain whether such manuals even exist and, if they do, were they ever formally adopted. Most of the board members had no knowledge of any manuals. In short, plaintiff has come up with nothing from which we could reasonably conclude that he had a basis for reliance.
 
 
 21
 Having found that Fecho did not have a "just cause" employment contract, we need not address his due process argument. However, we do note that the January 23, 1989, meeting would pass muster as a pre-termination hearing under our decision in Duchesne v. Williams, 849 F.2d 1004 (6th Cir.1988), cert. denied, 489 U.S. 1081 (1989), an en banc decision of this court not cited by either party.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Originally Fecho claimed his termination was in violation of Michigan's Open Meetings Law, but has not pursued this claim on appeal
 
 
 [2]
 This is the wording of the statute as of the date Fecho was hired. On June 22, 1989, this section was amended, but the operative language relied upon by the defendant remains unchanged
 
 
 [3]
 Toussaint v. Blue Cross and Blue Shield of Michigan, 408 Mich. 579 (1980)